UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM K. HEARD,

        Petitioner,

vs.                                                    Case No. 3:03-cv-583-J-20TEM

JAMES V. CROSBY,
etc.; et al.,

        Respondents.
_____

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2241[1] and a Memorandum of Law in Support of Petition for Writ of Habeas Corpus (hereinafter Memorandum).[2] In his sole ground for relief, Petitioner contends that the 1999 revocation of his parole, based on his failure to participate in a Mentally Disordered Sex Offender (hereinafter MDSO) treatment program, denied him due process of law.

---

[1] Petitioner filed this action on a form for use in 28 U.S.C. § 2254 habeas corpus applications. In *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) (per curiam), the Eleventh Circuit found that a federal habeas petition challenging the actions of a state parole commission was properly brought pursuant to 28 U.S.C. § 2241, but subject to the rules and restrictions set forth in 28 U.S.C. § 2254. Thus, this Court construes this action as a petition filed pursuant to § 2241.

[2] The Memorandum is appended to the Petition.

Specifically, he alleges that: (1) even though his former parole officer told Petitioner that he was required to attend the MDSO treatment program, his parole officer at the time of the alleged parole violation did not inform Petitioner that he was required to attend the MDSO treatment program; therefore, his parole revocation based upon his failure to follow the directives of his parole supervisor was erroneous; (2) the conditions of his parole did not specify a time in which Petitioner was required to complete the MDSO program or how many chances he would have to complete the program; (3) Petitioner's failure to complete the MSDO program due to his unwillingness to admit that he was guilty of the sexual battery for which he was convicted was not a wilful violation of his parole; (4) the revocation of Petitioner's parole based upon his failure to admit guilt "violates due proce[s]s of law as it impermissibly compels him to self incriminate against his will[,]" Memorandum at 7; (5) the revocation of Petitioner's parole due to his failure to participate in the MSDO program was erroneous when this failure was based solely upon his unwillingness to admit his guilt; and, (6) Petitioner did not wilfully or substantially violate the conditions of his parole because he and his parole officer were making efforts to place Petitioner in a new treatment program when his parole was revoked.

The Florida Parole Commission's Response (Doc. #6) (hereinafter Response) to the Petition was filed on September 15,

2003. Thereafter, Petitioner filed Petitioner's Traverse (Doc. #7). Thus, this case is ripe for review.

## II. Procedural History

On September 29, 1998, Petitioner was released on parole. Ex.[3] M. at 1. The Certificate of Parole ordered "that he remain under supervision subject to the conditions of parole listed on the reverse side of this certificate for Life[.]" *Id*. Condition fourteen states, "I agree to participate in a Mentally Disordered Sex Offender Program as directed by my parole supervisor." *Id*. at 2. Petitioner signed the Certificate of Parole, thereby agreeing to all of the conditions set forth in it. *Id*.

On November 19, 1999, a Warrant for Retaking Parole Releasee was issued by the Florida Parole Commission (hereinafter FPC), stating that Petitioner violated the terms of his parole because he:

> Violated Special Condition 14 which states, "I agree to participate in a Mentally Disordered Sex Offender Program as directed by my Parole Supervisor," and this he failed to do as evidenced by his unsuccessful termination from the Mentally Disordered Sex Offender Program due to his denial of his sexual offense.

Ex. N at 1.

Petitioner was advised of the alleged violation and notified that his preliminary hearing was set for February 9, 2000. Ex. O

---

[3] The Court will hereinafter refer to the exhibits that were submitted with the Response as "Ex."

at 1. Petitioner was advised that he had the right to an attorney at the hearing; however, he agreed to proceed with the hearing without an attorney. *Id.* at 2, 5. Correctional Probation Officer (hereinafter CPO) Carol Yeager and the Petitioner were the only two witnesses to testify at the hearing. The hearing officer summarized CPO Yeager's testimony as follows:

> CPO Yeager states that the parolee was under treatment at ITM (Intensive Treatment Modalities) by request of his previous supervising officer on 10-21-98. She states that she did not tell the parolee that he had to go to the treatment program or that he did not. She states that the parolee was terminated on 5-3-99 from the program because he refused to admit that he committed [the] sex offense. CPO Yeager states that she did not feel the parolee needed treatment and did not want the Commission to issue a warrant. She states that the parolee was unsuccessfully terminated from the MDSO program due to his refusal to admit to committing the offense of Sexual Battery for which he is currently on parole. She states that she was not requesting the issuance of a warrant only direction [sic] as to the parolee being removed from the program.

*Id.* at 7.

Petitioner's testimony at the hearing was summarized by the hearing officer as follows:

> The parolee states that he was terminated from the ITM because he would not admit that he committed Rape. He denies the commission of rape but states that he did have sex with the victim. He states that he attempted to participate as requested by his former supervising officer but could not admit something that he did not do.

4

*Id.* The hearing officer recommended that Petitioner's supervision be reinstated "based on the testimony and recommendation of CPO Carol Yeager that the parolee is not in need of further sex offender treatment." *Id.* at 8.

Petitioner's final parole revocation hearing was held on April 13, 2000. Ex. P at 1. He requested appointment of counsel for the hearing, but the request was denied. *Id.* at 2, 4. The testimony of CPO Yeager and the Petitioner at the final hearing was substantially the same as their testimony at the preliminary hearing. *Id.* at 6-7. Michael Huffman, a sex offender counselor employed at the treatment center that the Petitioner attended, also testified. *Id.* at 7-8. He recommended that the Petitioner take an anger management class. *Id.* at 8. The hearing officer then recommended that the Petitioner "be reinstated to parole supervision with a Special Condition to attend and complete a[n] anger management counseling class." *Id.* at 9.

Despite this recommendation, the FPC revoked Petitioner's parole on May 24, 2000. Ex. Q. The revocation was based on Petitioner's violation of "Special Condition 14." *Id.* The FPC relied upon the following evidence:

> Finding of guilt based upon the sworn testimony of Parole Officer Carol Yeager that the parolee was referred to sex offender counseling by a previous parole officer and was terminated from treatment due to denying behavior for which he was convicted, as well as the sworn testimony of the parolee that he

5

      was terminated from the program because he denied committing the rape for which he was convicted.

*Id.*

On July 20, 2000, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of the Second Judicial Circuit in and for Leon County. He argued that he did not willfully violate his parole, that his parole should not have been revoked on a technical violation and that there was no probable cause for the parole violation. He also claimed that the FPC improperly denied his request for appointment of counsel. *See* Ex. T.

On May 21, 2001, the Leon County Circuit Court denied Petitioner's application for relief. Ex. V at 2-6. The court adjudicated Petitioner's claims as follows:

> The Court finds that the Plaintiff has violated the condition of Parole that he participate in the Mentally Disordered Sex Offender program.
>
> The Court finds that the requirement of participation, meaning "to partake, as to 'participate' in a discussion", Blacks Law Dictionary 1007 (5th Edition 1979), requires more than just passive attendance at the counseling sessions or mere submission to treatment. The Plaintiff failed to participate in the Mentally Disordered Sex Offender program, which required that the clientele acknowledge the behavior for which treatment is sought. The Plaintiff admits that he is unable to find another sex offender program that will accept him if he claims he is not guilty of the offense for which he was convicted. As such, based on the Plaintiff's failure to comply with the program requirements, the Plaintiff has willfully and

substantially violated this condition of Parole supervision, by his failure to participate in the program as evidenced by his failure to comply with the program requirement by his denial of his sexually offending behavior and consequent termination from the Mentally Disordered Sex Offender Program. The Court finds that the Plaintiff maintains that he is innocent of the offense of Sexual Battery. The logical inference derived from this claim is that the Plaintiff disavows any <u>need</u> for sex offender treatment. While the Plaintiff claims that he would attend any program in order to get out, the Court finds that the Plaintiff's professed intent does not rise to the level of necessary intent to <u>participate</u> in treatment. See <u>Archer v. State</u>, 604 So.2d 561 (Fla. 1st DCA 1992) (*probation revocation for failure to successfully complete sex offender treatment is proper when the defendant claims that he has no sexual problem and expresses no desire to participate in treatment*); <u>Arias v. State</u>, 751 So.2d 184 (Fla. 3rd DCA 2000) (*failure to participate in good faith in the Mentally Disordered Sex Offender program is valid grounds for revocation of probation for violation of condition that defendant enter and successfully complete the program*)[.]

The Court also finds that the Plaintiff was not entitled to appointed counsel. The State is not under a constitutional duty to provide counsel for all indigents in all parole revocation proceedings. <u>Floyd v. Parole and Probation Commission</u>, 509 So.2d 919 (Fla. 1987)[.] In both the Parole Preliminary Hearing and the Final Parole Revocation hearing, the hearing officers determined that the Plaintiff was not entitled to appointed counsel. At the Final Parole Revocation Hearing, the hearing officer determined that the Plaintiff was of sufficient age and education level and had no speech, mental or emotional problems, was not on any medication and understood the charges against him. The Examiner based his denial for appointed counsel on the following factors,

7

> 1. Parolee understood his procedural rights,
> 2. Parolee understood the Notice of allegations,
> 3. Parolee reads and writes and could articulate his thoughts,
> 4. Parolee was not suffering from any physical or mental problems,
> 5. Parolee was capable of speaking effectively himself,
> 6. The allegations were not complex.
>
> (See Commission Exhibit P, Hearing Summary, p. 2)
>
> The Court finds no abuse of Commission discretion in denying the Plaintiff appointed counsel. See <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 93 S.Ct. 1756, 33 L.Ed.2d 656 (1973)[.]

*Id.* at 4-6.

Petitioner sought appellate review of the order denying relief by filing a petition for writ of certiorari in the First District Court of Appeal. On March 20, 2002, the First District Court of Appeal issued the following opinion:

> William K. Heard challenges, in a petition for a writ of certiorari, an order of the circuit court upholding the revocation of his parole by the Florida Parole Commission. We conclude that the circuit court departed from the essential requirements of law by 1) treating Heard's habeas corpus petition as a petition for a writ of mandamus and requiring him to pay a filing fee, and 2) exercising jurisdiction over Heard's habeas petition even though Heard is incarcerated in a county within a different judicial circuit.
>
> An inmate's challenge to the revocation of his early release from prison under the terms and conditions of an early release program is properly filed in a petition for a

8

writ of habeas corpus, see *Gillard v. Florida Parole Comm'n*, 784 So.2d 1214, 1215 (Fla. 1st DCA 2001), and "a petition for a writ of habeas corpus . . . is constitutionally exempt from all court costs and filing fees." *Stanley v. Moore*, 744 So.2d 1160, 1161 (Fla. 1st DCA 1999). Thus, the circuit court clearly departed from the essential requirements of law in treating Heard's petition as a petition for a writ of mandamus and collecting a filing fee in connection with the petition.

An inmate's petition for a writ of habeas corpus is properly filed in the circuit court having jurisdiction over the county in which the inmate is currently incarcerated. *See Gillard* 784 So.2d at 1215. Thus, because Heard is, and was at the time he filed his petition, incarcerated in Hamilton County, jurisdiction over the petition was properly in the Third Judicial Circuit. In cases such as this where the circuit court has improperly exercised jurisdiction over a habeas corpus petition, the appropriate disposition is for the circuit court's order disposing of the inmate's petition without jurisdiction to be quashed and the case remanded with directions that the circuit court immediately transfer the inmate's petition to the circuit court having jurisdiction over the correctional facility in which the inmate is currently housed. *See Stanley*, 744 So.2d at 1161; *see also Gillard*, 784 So.2d at 1215; *Yeik v. Florida Parole Comm'n*, 776 So.2d 1037 (Fla. 1st DCA 2001).

We, therefore, quash the circuit court's order and remand this case to the circuit court with directions to refund the filing fee paid by Heard in accordance with the case management order, and to immediately transfer Heard's petition to the circuit court of the Third Judicial Circuit in and for Hamilton County, Florida.

9

*Heard v. Florida Parole Comm'n*, 811 So.2d 808, 808-09 (Fla. 1st DCA 2002) (per curiam); Ex. S at 3-5.

On April 19, 2002, the Leon County Circuit Court transferred the action to the Hamilton County Circuit Court. Ex. S at 1-2. On May 1, 2002, Petitioner filed an Amended Petition for Writ of Habeas Corpus, in which he contended that the FPC's revocation of his parole violated his rights under the constitutions of both Florida and the United States because: (1) no time was set forth for his completion of the MDSO program; (2) Petitioner's refusal to admit his guilt did not constitute a refusal to participate in the MDSO program; therefore, Petitioner did not wilfully violate the terms of his probation; (3) requiring Petitioner to admit his guilt in order to "participate" in the MSDO program would compel Petitioner to involuntarily incriminate himself, in violation of the Fifth Amendment to the United States Constitution; (4) the FPC failed to develop a treatment program suitable to Petitioner's needs; (5) Petitioner did not choose to be terminated from the MDSO program and an involuntary termination cannot serve as a probation violation; and, (6) Petitioner's parole examiner, CPO Yeager, did not want the FPC to revoke Petitioner's parole because she felt that he was not in need of MDSO treatment. Ex. U.

On July 12, 2002, the Hamilton County Circuit Court entered an order finding that Petitioner's May 1, 2002, Amended Petition for Writ of Habeas Corpus "is repetitive and contains no material

10

differences from the motion ruled upon by the Leon County Circuit Court." Ex. V at 1. Accordingly, the Hamilton County Circuit Court denied the Amended Petition for Writ of Habeas Corpus by adopting and incorporating the reasoning in the order entered by the Leon County Circuit Court. *Id.*

Petitioner sought appellate review of the order denying relief by filing a Petition for Writ of Certiorari in the First District Court of Appeal. Ex. W. On March 25, 2003, the First District Court of Appeal per curiam denied the Petition for Writ of Certiorari. Ex. Y. Petitioner filed a Motion for Rehearing, which was denied on May 7, 2003. Ex. Z.

### III. Law and Conclusions

Respondents contend, and this Court agrees, that Petitioner failed to exhaust his federal claims in state court. In *Dill v. Holt*, 371 F.3d 1301, 1302-03 (11th Cir. 2004), the Eleventh Circuit found that a state prisoner who challenged the legality of the revocation of his parole by filing a habeas petition pursuant to 28 U.S.C. § 2241 must meet the state court exhaustion requirements set forth in 28 U.S.C. § 2254 before seeking federal habeas corpus relief.

> The next question is what state remedies there are to exhaust in this situation. Those remedies, § 2254(b)(1)(A) tells us, are the ones "available in the courts of the State." In construing the exhaustion requirement, the Supreme Court has explained that "state prisoners must give the state courts one full opportunity to resolve any constitutional

11

> issues by invoking one complete round of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). A complete round of the state appellate process includes discretionary appellate review "when that review is part of the ordinary appellate review procedure in the State." *Id.* at 847, 119 S.Ct. at 1733.

*Id.* at 1303.

As noted in *Heard v. Florida Parole Comm'n*, 811 So.2d at 808, an inmate's challenge to the revocation of his early release from prison under the terms and conditions of an early release program is properly filed in a petition for a writ of habeas corpus. In *Mabry v. Florida Parole Comm'n*, 858 So.2d 1176, 1181 (Fla. 2d DCA 2003), the court set forth the scope of appellate review in parole revocation cases as follows:

> Once an inmate has had a full review on the merits of a Parole Commission order in the circuit court, the inmate is not entitled to a second plenary appeal of the order in the district court of appeal. *See Sheley*, 720 So.2d at 217-18. Thus review of the trial court's order is by petition for writ of certiorari. *Id.* at 217.
>
> The scope of our review on a petition for second-tier certiorari is limited to determining whether the circuit court (1) afforded procedural due process and (2) applied the correct law. *See Miami-Dade County v. Omnipoint Holdings, Inc.*, 28 Fla. L. Weekly S717, --- So.2d ----, 2003 WL 22208012 (Fla. Sept. 25, 2003); *Sheley*, 703 So.2d at 1206. This second-tier certiorari review is simply another way of deciding whether the lower court "departed from the essential requirements of law." *Omnipoint Holdings,*

12

> *Inc.*, 28 Fla. L. Weekly at S718, 863 So.2d at ---- (quoting *Haines City Cmty. Dev. v. Heggs*, 658 So.2d 523, 530 (Fla. 1995)). A ruling constitutes a departure from the essential requirements of law when it amounts to a "violation of a clearly established principle of law resulting in a miscarriage of justice." *Id.* (quoting *Tedder v. Fla. Parole Comm'n*, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003)).

Here, Petitioner first raised his federal constitutional claims in his May 1, 2002, Amended Petition for Writ of Habeas Corpus; however, he abandoned the federal constitutional issues on appeal of the order denying his Amended Petition for Writ of Habeas Corpus. *See* Ex. W. On appeal, Petitioner argued that the Hamilton County Circuit Court erred in adopting the reasoning of the Leon County Circuit Court because his Amended Petition for Writ of Habeas Corpus raised additional grounds, which he identified as follows: his parole officer did not want the FPC to revoke his parole because she felt he did not require the MSDO treatment and that he was attending the MDSO program voluntarily based upon his former parole officer's request. Ex. W at 4-6. He also claimed that the FPC abused its discretion in revoking his parole because the probation order failed to specify a period within which he was required to complete the MDSO program. *Id.* at 6. Finally, he argued that none of his conditions of parole required him to admit his guilt; therefore, his failure to admit his guilt did not constitute a violation of his parole. *Id.* at 7-8.

Petitioner could have argued on appeal that the Hamilton County Circuit Court failed to apply the correct federal law in denying the Amended Petition for Writ of Habeas Corpus based upon the reasoning of the order entered by the Leon County Circuit Court since the federal claims raised in the Amended Petition for Writ of Habeas Corpus were not before the Leon County Circuit Court. However, Petitioner failed to make any argument regarding his federal claims in the appeal of the order denying his Amended Petition for Writ of Habeas Corpus. Thus, he did not exhaust his federal claims. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (finding that exhaustion requires not only the filing of a state application for post-conviction relief, but also an appeal of its denial); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.) (finding that claims presented in a post-conviction motion but not appealed were procedurally barred in subsequent habeas proceedings), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588, 589 (8th Cir. 1991) (finding that the claims presented in a post-conviction motion that were not included in the appeal of the order denying that motion were procedurally barred).

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust his federal claims because any petition for writ of habeas corpus that he filed at this time in state court would be subject to dismissal as successive. If "it is obvious that the unexhausted claim would now be procedurally barred due to

14

a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam) Accordingly, Petitioner has procedurally defaulted his federal claims.[4]

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." *Parker v.*

---

[4] In his Motion for Rehearing, filed in the First District Court of Appeal on April 3, 2003, Petitioner argued for the first time that "the adoption of respondent's proposed order by the courts to deny relief, implicates a clear violation of petitioner's substantive due process rights under the Fourteenth Amendment of the United States Constitution." Ex. Z at 4. However, this new argument was improperly raised in a motion for rehearing.

> Motions for rehearing are strictly limited to calling an appellate court's attention--without argument--to something the appellate court has overlooked or misapprehended. "The motion for rehearing is not a vehicle for counsel or the party to continue its attempts at advocacy." *Goter v. Brown*, 682 So.2d 155 (Fla. 4th DCA 1996), *rev. denied*, 690 So.2d 1299 (Fla.1997). No new ground or position may be assumed in a petition for rehearing. *Corporate Group Service, Inc. v. Lymberis*, 146 So.2d 745 (Fla. 1962); *see also Ayer v. Bush*, 775 So.2d 368 (Fla. 4th DCA 2000) (recognizing that it is a rather fundamental principal of appellate practice and procedure that matters not argued in the briefs may not be raised for the first time on a motion for rehearing)[.]

*Cleveland v. Florida*, 887 So.2d 362, 364 (Fla. 5th DCA 2004) (per curiam). Thus, this due process claim has been procedurally defaulted because it was not raised in a procedurally correct manner. *See Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (per curiam) (noting that a state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default).

*Sec'y for the Dep't of Corr.*, 331 F.3d 764, 770 (11th Cir. 2003) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)), *cert. denied*, 540 U.S. 1222 (2004). "[A] petitioner may gain federal review of an otherwise procedurally defaulted claim if he can demonstrate both cause excusing the default and actual prejudice resulting from the bar." *Hill v. Jones*, 81 F.3d 1015, 1022-23 (11th Cir. 1996) (citations omitted), *cert. denied*, 519 U.S. 1119 (1997).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)), *cert. denied*, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), *cert. denied*, 535 U.S. 926 (2002).

Here, Petitioner has not shown both cause and prejudice to excuse the default, nor has he shown that he meets the fundamental miscarriage of justice exception. Thus, the Court will not review the merits of his federal constitutional claims.

Because all of Petitioner's federal claims are procedurally barred, any remaining claims raised by Petitioner present issues of state law. The purpose of a federal habeas proceeding is review of

the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. *See Coleman v. Thompson*, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)), *cert. denied*, 531 U.S. 1170 (2001). Thus, Petitioner's exhausted claims present issues of state law that are not cognizable in this proceeding.

Therefore, it is now

**ADJUDGED:**

1. The Petition is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _18th_ day of _July_, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 6/29
c:
William K. Heard
Assistant General Counsel Hiers

17